UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA LEVI ALGER, SR.,

    Plaintiff,

v.

CORIZON, VICTORIA JANOWICKI, JOCYLIN JENDALL, ASHLEY TALKINGTON, BRISTOL, MARY VALARDE, KIM FARRIS, JULIANA MARTINO, EMILY NGUYEN, SCHRIEBER, TREEFRY, SATOH, KIM KORTE, MONICA SMITH, HEIDI WASHINGTON, and PAIN MANAGEMENT COMMITTEE,

    Defendants.
_____/

Case No.  1:24-cv-11998
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSE, TO STAY PROCEEDINGS, AND FOR APPOINTMENT OF COUNSEL (ECF No. 35)

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Joshua Levi Alger, Sr. (Alger), proceeding *pro se*, is suing multiple defendants[1] alleging that he has been denied medical treatment for 8 years while incarcerated by the

---

[1] Defendants' names will all be spelled as they appear in their dispositive motions.

1

Michigan Department of Corrections (MDOC). *See* ECF No. 1. All the defendants have filed appearances except for Corizon, Bristol, and the Pain Management Committee. Under 28 U.S.C. § 636(b)(1), all pretrial proceedings have been referred to the undersigned. (ECF No. 12).

Before the Court is Alger's motion for an extension of time to respond, stay of proceedings, and appointment of counsel. (ECF No. 35). For the reasons discussed below, this motion will be GRANTED IN PART and DENIED IN PART. Alger will be given until December 2, 2024, to respond to the pending dispositive motions, but his request for the appointment of counsel is denied.

II.   Background

The defendants have collectively filed three motions to dismiss. Defendants Kim Farris (Farris), Juliana Martino (Martino), Rosilyn Jindal (Jindal),[2] and Victoria Janowiecki (Janowiecki) filed a motion to dismiss or, alternatively, for summary judgment on the basis of exhaustion. (ECF No. 22). Defendants Mary Velarde (Velarde), Emily Nguyen (Nguyen), Schrieber, Trefry, Satoh, Kim Korte (Korte), Monica Smith (Smith), and Heidi Washington (Washington), have filed a motion to dismiss and for summary judgment on the basis of exhaustion. (ECF No. 26). Finally, defendant Ashley Talkington (Talkington) has filed a motion to

---

[2] Although the complaint names Jocylin Jendall, the defendants' motion, (ECF No. 22), indicates that the correct name is Rosilyn Jindal.

dismiss. (ECF No. 30). Alger was ordered to respond to each of these motions by October 28, 2024; November 18, 2024; and November 21, 2024, respectively. (ECF Nos. 23, 27, 31). He has not yet done so, and the time for filing a response to Farris, Martino, Jindal, and Janowiecki's motion has now passed. *See* ECF No. 23.

III. Motion for an Extension of Time to Respond[3]

Alger was directed to file a response to each of defendants' three dispositive motions by the given deadlines. (ECF Nos. 23, 27, 31). On November 1, 2024, Alger filed a motion for an extension of time to file a response to each motion, stating that he "can answer all of them in one motion." (ECF No. 35, PageID.816). As only one deadline has passed and Alger has stated his plans to file a single response addressing each of the three pending dispositive motions, his motion for an extension of time is granted. Alger shall have **until December 2, 2024,** to respond to all three of defendants' pending motions, (ECF Nos. 22, 26, 30).

IV. Motion for the Appointment of Counsel

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of

---

[3] In the title of his motion, Alger asks for an extension of time or a stay of proceedings. (ECF No. 35, PageID.813). Because Alger states that he "can answer all of [the motions]" and he "will overcome all motions," the undersigned deems it more appropriate to grant an extension of time for Alger to respond. (*Id.*, PageID.816).

3

counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

Alger has requested the appointment of counsel to overcome issues with access to legal materials, including the law library and a legal writer, due in part to his current placement in segregation. (ECF No. 35, PageID.814). However, "[t]he appointment of counsel for civil litigants requires 'exceptional' circumstances beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness." *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017). The difficulties of litigating a case due to incarceration alone do not warrant appointment. *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation). For these reasons, Alger's request to appoint counsel is DENIED. Should Alger's case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time.

V. Conclusion

For the reasons stated above, Alger's motion is GRANTED IN PART. Alger shall have **until December 2, 2024,** to respond to defendants' dispositive motions, (ECF Nos. 22, 26, 30). **Alger is cautioned that a failure to file responses by that date may result in a recommendation that the motions be granted. No further extensions will be permitted.**

Alger's request for the appointment of counsel is DENIED.

SO ORDERED.

Dated: November 7, 2024  　　　　　　　　　s/Kimberly G. Altman  
Detroit, Michigan  　　　　　　　　　　　　KIMBERLY G. ALTMAN  
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2024.

　　　　　　　　　　　　　　　　　　　　s/Julie Owens  
　　　　　　　　　　　　　　　　　　　　Case Manager

5