UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA LEVI ALGER, SR.,

    Plaintiff,

v.

CORIZON, VICTORIA JANOWICKI, JOCYLIN JENDALL, ASHLEY TALKINGTON, BRISTOL, MARY VALARDE, KIM FARRIS, JULIANA MARTINO, EMILY NGUYEN, SCHRIEBER, TREEFRY, SATOH, KIM KORTE, MONICA SMITH, HEIDI WASHINGTON, and PAIN MANAGEMENT COMMITTEE,

    Defendants.
_____/

Case No.  1:24-cv-11998
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

**ORDER REGARDING NOTICE OF STAY (ECF No. 39)
AND
DECLINING TO STAY CASE**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Joshua Levi Alger, Sr. (Alger), proceeding *pro se*, is suing multiple defendants[1] alleging that he has been denied medical treatment for 8 years while incarcerated by the Michigan Department of Corrections (MDOC).  *See* ECF No. 1.  All the

---

[1] Defendants' names will all be spelled as they appear in their filing.

1

defendants have filed appearances except for Corizon, Bristol, and the Pain Management Committee. Under 28 U.S.C. § 636(b)(1), all pretrial proceedings have been referred to the undersigned. (ECF No. 12).

On November 18, 2024, defendants Juliana Martino, N.P. (Martino), Kim Farris, P.A. (Farris), Rosilyn Jindal, P.A. (Jindal), and Victoria Janowiecki, N.P. (Janowiecki) filed a "Notice of Stay" (ECF No. 39) to inform the Court that Wellpath – the company that employs them – has filed a voluntary bankruptcy petition under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas.

## II. Background

Attached to defendants' filing is an order from the bankruptcy court regarding enforcement of the automatic stay. (ECF No. 39-1). In other cases, the Court has been provided with an order from the bankruptcy court titled "Amended Interim Order Enforcing the Automatic Stay." (*See, e.g.*, No. 2:23-cv-10568, ECF No. 47-2).

In relevant part, the original order states that it is "extending the (i) automatic stay under section 362 of the Bankruptcy Code[.]" (ECF No. 39-1, PageID.842). The amended order states: "The Lawsuits are stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code." (No. 2:23-cv-10568, ECF

No. 47-2, PageID.860). For the reasons explained below, the Court finds that neither order requires a stay of proceedings in this case.

## III. Discussion

The district court has "jurisdiction concurrent with the originating bankruptcy court to determine the applicability of the bankruptcy court's automatic stay." *Baechel v. Republic Storage Sys., LLC*, No. 5:16-CV-1403, 2018 WL 1243424, at *2 (N.D. Ohio Mar. 9, 2018). The Sixth Circuit itself has addressed the issue of whether a bankruptcy court can stay proceedings against non-debtor defendants under 11 U.S.C. § 362, finding that it cannot. *Patton v. Beardon*, 8 F.3d 343 (6th Cir. 1993). The *Patton* court acknowledged that "[c]learly, section 362(a)(1) stays any actions against the *debtor*." *Id.* at 349 (emphasis in original). In other words,

> [a]t the commencement of a case, a stay arises by operation of law pursuant to 11 U.S.C. § 362(a). Its effect is to impose a wide-ranging prohibition on all activity outside the bankruptcy forum to collect prepetition debts from the debtor or to assert or enforce claims against the debtor's prepetition property or estate property. But, by its express terms, the only entity to which the § 362 stay applies is the debtor. As such, it may not be extended to third parties such as the [d]ebtor's co-guarantors.

*In re Nat'l Staffing Servs., LLC*, 338 B.R. 35, 36-37 (Bankr. N.D. Ohio 2005).

Earlier circuit court decisions are in line with this interpretation. *See, e.g.*, *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196-97 (6th Cir. 1983) ("It is universally acknowledged that an automatic stay of proceeding accorded by §

3

362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor.") (collecting cases); *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors.") (internal footnote omitted).

"Some courts have held that the debtor's stay may be extended to non-bankrupt parties in unusual circumstances." *Patton*, 8 F.3d at 349 (cleaned up). Examples of unusual circumstances "include when the debtor and the non-bankrupt party are closely related or the stay contributes to the debtor's reorganization." *Id.* But the Sixth Circuit has cautioned that "such extensions, although referred to as extensions of the automatic stay, were in fact *injunctions* issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Id.* (emphasis added). The Sixth Circuit explained that "[e]ven if we were to adopt the unusual circumstances test, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." *Id.*; *see also In re Nat'l Staffing Servs.*, 338 B.R. at 37 ("The authority to take this action, however, is found not in § 362; rather, it is derived from the bankruptcy court's equity jurisdiction as contained in 11 U.S.C. § 105(a).").

4

The order from Wellpath's bankruptcy proceeding does not cite 11 U.S.C. § 105(a) and does not set forth the preliminary-injunction factors or contain any analysis on the subject. The phrase "preliminary injunction" is in fact nowhere to be found. A court must consider four factors before granting a preliminary injunction: (1) the likelihood of success on the merits, (2) the danger of irreparable injury, (3) whether the potential irreparable injury outweighs the harm to the non-debtors, and (4) the public interest. *See, e.g.*, *In re Sahene Constr., LLC*, No. 23-10096, 2023 WL 3010073, at *3 (Bankr. M.D. La. Apr. 19, 2023) (analyzing the four factors following a request to stay civil litigation as to non-debtor defendants); *In re Nat. Century Fin. Enters., Inc.*, 423 F.3d 567, 579 (6th Cir. 2005) (explaining that "when the bankruptcy court enjoins an action under § 105(a) [it] must it consider the four preliminary injunction factors, and apply a standard of clear and convincing evidence").

In *Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course Ass'n*, No. 108CV1430HSOJMR, 2010 WL 972248, at *2 (S.D. Miss. Mar. 12, 2010), a court found under similar circumstances that "[i]t does not appear from the record in this case that such an [injunctive] order has been obtained from the bankruptcy court before which Debtor Defendant's bankruptcy is pending. The party seeking the section 105 stay bears the burden of requesting it and the persuasion on the merits." The same is true here; no preliminary injunction has

5

been issued, and neither this Court nor the bankruptcy court can otherwise "extend" the automatic stay to non-debtor defendants. In short, Wellpath is not a party to this case, and its bankruptcy stay has not properly been extended to non-debtor parties, like Martino, Farris, Jindal, and Janowiecki.

## IV.   Conclusion

For the reasons stated above, the case will not be stayed and will proceed against all defendants, including Martino, Farris, Jindal, and Janowiecki.[2]

SO ORDERED.

Dated: December 4, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 4, 2024.

s/Donald Peruski  
Donald Peruski  
Acting Case Manager

---

[2] Pending before the Court are motions to dismiss by several defendants, including Martino, Farris, Jindal, and Janowiecki (ECF Nos. 22, 26, 30). These motions will be the subject of future reports and recommendations.