UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA LEVI ALGER, SR.,

        Plaintiff,                                 Case No. 1:24-cv-11998

v.                                                    Honorable Thomas L. Ludington
                                                       United States District Judge
CORIZON, et al.,

                                                         Honorable Kimberly G. Altman
        Defendants.                             United States Magistrate Judge
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS; OVERRULING DEFENDANT'S OBJECTION; ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS; AND GRANTING DEFENDANT'S DISPOSITIVE MOTIONS IN PART**

Currently before the Court are two reports and recommendations (R&R) issued by Magistrate Judge Kimberly G. Altman in the above-captioned *pro se* prisoner healthcare case. As explained below, after conducting a *de novo* review, each will be adopted in full.

**I.**

In August 2024, Plaintiff Joshua Levi Alger, Sr., filed a *pro se* Complaint generally alleging that various prison officials and medical professionals throughout multiple correctional facilities deprived him of adequate medical care and were deliberately indifferent to his objectively serious medical needs in violation of the Eighth Amendment, over eight years of confinement. *See generally* ECF No. 1.

Plaintiff's confinement history is sporadic. Plaintiff alleges that he was confined at the Charles E. Egeler Reception & Guidance Center (RGC) in Jackson, Michigan, from June 2013 through his release on parole in November 2021. *Id.* at PageID.7. Thereafter, Plaintiff alleges he "returned to" custody on a parole violation in August 2023. *Id.* at PageID.7, 11. But the Michigan

Department of Corrections (MDOC)'s "housing history" suggests something different. MDOC avers that Plaintiff was confined at the Woodland Center Correctional Facility (WCC)—not RGC—from July 2020—not June 2013—through August 2020. *See* ECF No. 49 at PageID.991–92. Thereafter, MDOC avers Plaintiff was transferred to the Macomb Correctional Facility (MRF), where he was confined until he was released on parole in August 2023. *See id.* In August 2023, Plaintiff was taken back into custody for three days at RGC, after which he was transferred back to WCC for a week, after which he was again transferred to the Gus Harrison Correctional Facility (ARF), where he was confined when he filed his Complaint.[1] *See id.*

Plaintiff's allegations are equally sporadic. Plaintiff alleges that—sometime before he was taken into custody—he "was involved in several accidents" resulting in "severe [spinal] trauma" including "fractures" and "ruptured disks." ECF No. 1 at PageID.8. Plaintiff also alleges that he has historically suffered from "traumatic brain injuries causing seizures, migraines, and deteriorated mental health." *Id.* Allegedly, before prison, Plaintiff took "narcotic pain medication" and received spinal "injections" to "cope" with these medical concerns. *Id.*

But he alleges, first, that he "only received over-the-counter pain meds" while confined. *Id.* at PageID.9. Second, he alleges that, at some unknown time, he underwent "surgery to fix a tendon in [his] wrist" but was "given no pain meds" afterwards. *Id.* Third, Plaintiff alleges that he "developed a hernia" while confined, but healthcare officials working at the prisons he was confined at "refused" to treat it, to the point that it "grew . . . to . . . the size of a football" and caused him "extreme pain." *Id.* at PageID.9–10. Indeed, he alleges that, after he was "released," he had "emergency surgery on the hernia." *Id.* at PageID.10. Fourth, Plaintiff alleges he filed "at

---

[1] Plaintiff has since been transferred to the Bellmay Creek Correctional Facility in Ionia, Michigan. *See* ECF No. 54.

least 50 grievances over various medical problems" but that all problems remained "untreated." *Id.* at PageID.11. Fifth, Plaintiff alleges he was "never allowed . . . proper intake" when he returned to custody after his parole violation. *Id.* at PageID.12. Sixth, Plaintiff alleges that—while he was confined at ARF—medical professionals working there "refused to see" him for over 30 days and told him that his "housing did not allow them to give [him] care." *Id.* at PageID.13. Seventh, Plaintiff alleges he has been deprived of gabapentin—a medication prescribed to mitigate seizures. *Id.* at PageID.13–15. Eighth, relatedly, Plaintiff alleges that "Nurse Talkington" failed to document his reports of seizures. *Id.* Ninth, Plaintiff alleges that he developed a "[c]yst in [his] sinus and also [his] ears have been hurting and [he] ha[s] a rotten smell in [his] mouth and nose," but "the providers" have not referred him to a "specialist." *Id.* at PageID.15. Tenth, Plaintiff alleges that, when he arrived at ARF, "both [of his] shoulders" and the "ligaments in both [of his] elbows" were "torn badly," but these injuries "have gone untreated for a year." *Id.* at PageID.16. Eleventh, Plaintiff alleges Warden Paul Schreiber retaliated against him by transferring him to "ARF in 2018." *Id.* And, finally, Plaintiff alleges that, in January 2024, another inmate broke his jaw, but prison officials responded by denying his jaw was ever broken. *Id.* at PageID.17.

Plaintiff seeks to hold the following sixteen Defendants accountable for these sporadic allegations:

1. Corizon Health, Inc.;[2]
2. "Nurse Bristol;"[3]
3. The MDOC "Pain Management Committee";[4]
4. Corizon Nurse Practitioner Victoria Janowiecki
5. Corizon Physician Assistant Rosilyn Jindal

---

[2] All claims against Defendant Corizon have been stayed as Corizon resolves pending bankruptcy proceedings. ECF No. 55
[3] Plaintiff dismissed all claims against Nurse Bristol in December 2024. ECF Nos. 44; 46.
[4] The Pain Management Committee has been served but has not yet appeared. On May 22, 2205, Judge Altman directed Plaintiff to show cause why this Defendant should not be dismissed for failure to prosecute. *See* ECF No. 63.

     6. Nurse Ashley Talkington;
     7. ARF Registered Nurse Mary Velarde,
     8. Corizon Physician Assistant Kim Farris,
     9. Corizon Nurse Practitioner Juliana Martino
    10. MDOC Registered Nurse Emily Nguyen;
    11. WCC Warden Paul Schreiber;
    12. WCC Unit Chief Mara Treefry
    13. Mental Health Professional Elizabeth Satoh;
    14. ARF Health Unit Manager Kim Korte;
    15. ARF Nursing Supervisor Monica Smith;
    16. MDOC Director Heidi Washington; and

*See id.* at PageID.1–6. Ultimately, Plaintiff seeks "at least $1,000,000 in damages" and requests "MRI's of [his] entire spine," "immediate care [from] a neurosurgeon," "proper pain medication" and "to be treated for [his] seizures." *Id.* at PageID.24.

On August 29, 2024, the undersigned referred all pretrial matters to Magistrate Judge Kimberly G. Altman. ECF No. 12. In August 2024, Defendants Martino, Farris, Jindal, and Janowiecki (collectively the "Wellpath Defendants") moved for dismissal and summary judgment, primarily based on exhaustion issues. ECF No. 22. In October 2024, the Defendants Velarde, Nguyen, Schreiber, Treefry, Satoh, Korte, Smith, and Washington (collectively the "MDOC Defendants") followed suit. ECF No. 26. So too did Defendant Talkington. ECF No. 30. Plaintiff then filed a *pro se* Motion for Injunctive Relief seeking treatment from a medical provider unaffiliated with MDOC or Corizon. ECF No. 56. Judge Altman has since issued two reports and recommendations (R&Rs) addressing these four motions. Each will be summarized in turn.

On May 12, 2025, Judge Altman issued the first R&R (the "May R&R") recommending that this Court (1) grant in part the MDOC Defendants' Motion to Dismiss and for Summary Judgment, ECF No. 26, (2) grant in part Talkington's Motion to Dismiss and for Summary Judgment, ECF No. 30; and (3) deny Plaintiff's Motion for Injunctive Relief. ECF No. 62 at PageID.1454. Beginning with the dispositive motions, Judge Altman concluded that "all claims

- 4 -

against the moving defendants arising from [Plaintiff]'s 2013 to 2021 incarceration are either barred by the statute of limitations . . . or [are] unexhausted." *Id.* at PageID.1470. She also concluded that Plaintiff did not exhaust his claims against Satoh, Treefry, Nguyen, and Washington. *Id.* at PageID.1477. However, Judge Altman concluded that Plaintiff exhausted two claims: (1) his retaliation claim against Schreiber, and (2) his deliberate indifference claims against Velarde, Talkington, Korte, and Smith for their alleged failure to treat his injuries upon his arrival at ARF. *Id.* As for Plaintiff's motion for a preliminary injunction, Judge Altman recommended denial because nothing in the motion "relate[d] to the claims he ma[d]e in his complaint," and he "is no longer housed at any of the facilities in which the [D]efendants work." *Id.* at PageID.1484.

On June 12, 2025, Judge Altman issued the second R&R (the "June R&R"). ECF No. 66. Similar to her reasoning in the May R&R, Judge Altman recommends granting in part the Wellpath Defendants' Motion to Dismiss and Motion for Summary Judgment. *Id.* at PageID.1560. Specifically, Judge Altman concluded that Plaintiff "exhausted his [deliberate indifference] claims . . . against [Defendants] Janowiecki and Jindal" but "has not exhausted any claims against Farris and Martino." *Id.* at PageID.1577.

Consistent with Rule 72, Judge Altman provided all Parties 14 days to object to both R&Rs, ECF Nos. 62 at PageID.1487, 66 at PageID.1580–81, and later extended the deadline to object to the May R&R on Defendants' request. *See* ECF No. 64. The MDOC Defendants filed a timely objection to the May R&R on June 2, 2025. ECF No. 65. And Plaintiff filed a timely Objection to the June R&R on June 27, 2025. ECF No. 68. All other Parties did not object, and have thus forfeited their right to appeal Judge Altman's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## II.

When a party objects to a magistrate judge's R&R, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings or recommendations. Fed. R. Civ. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021). If the court will adopt the R & R, then it may simply "state that it engaged in a de novo review of the record and adopts the [R & R]" without "stat[ing] with specificity what it reviewed." *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *see also Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023); *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

This Court has reviewed *de novo* Plaintiff's Complaint, ECF No. 1; the Wellpath Defendants' Motion to Dismiss and Motion for Summary Judgment, ECF No. 22; the MDOC Defendants' Motion to Dismiss and Motion for Summary Judgment, ECF No. 26; Defendant Talkington's motion to Dismiss and Motion for Summary Judgment, ECF No. 30; Plaintiff's Response, ECF No. 41, Plaintiff's Supporting Affidavit and Exhibits, ECF Nos. 42; 43; Defendants' Reply, ECF No. 47; Defendants' Exhibits, ECF No. 49; Plaintiff's Motion for Injunctive Relief, ECF No. 56; Defendants' Response, ECF No. 59; Plaintiff's Reply, ECF No. 61; the instant R&Rs, ECF Nos. 62; 66; the instant objections, ECF No. 65; 68; and Defendants'

Response to Plaintiff's Objection, ECF No. 69. Having conducted this *de novo* review, this Court concludes that Judge Altman's factual conclusions are correct and that her legal reasoning is sound.

### III.

Accordingly, it is **ORDERED** that the MDOC Defendants' Objection to the May Report and Recommendation, ECF No. 65, is **OVERRULED.**

Further, it is **ORDERED** that Judge Altman's May Report and Recommendation, ECF No. 62, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Motion for Injunctive Relief, ECF No. 56, is **DENIED.** This denial is without prejudice to Plaintiff's ability to renew the motion against Defendants Corizon and the Pain Management Committee. *See* ECF No. 62 at PageID.1486.

Further, it is **ORDERED** that the MDOC Defendants' Motion to Dismiss and for Summary Judgment, ECF No. 26, is **DENIED IN PART**, to the extent these Defendants sought to dismiss (1) Plaintiff's retaliation claim against Defendant Schreiber, and (2) Plaintiff's failure-to-treat claims against Defendants Velarde, Korte, and Smith.

Further, it is **ORDERED** that the MDOC Defendants' Motion to Dismiss and for Summary Judgment, ECF No. 26, is **GRANTED IN PART**, in all other respects.

Further, it is **ORDERED** that Defendant Talkington's Motion to Dismiss and For Summary Judgment, ECF No. 30, is **DENIED IN PART**, to the extent she sought to dismiss Plaintiff's failure-to-treat claim.

Further, it is **ORDERED** that Defendant Talkington's Motion to Dismiss and For Summary Judgment, ECF No. 30, is **GRANTED IN PART**, in all other respects.

Further, it is **ORDERED** that Plaintiff's Objection to the June Report and Recommendation, ECF No. 68, is **OVERRULED.**

Further, it is **ORDERED** that Judge Altman's June Report and Recommendation, ECF No. 66, is **ADOPTED.**

Further, it is **ORDERED** that the Wellpath Defendants' Motion to Dismiss and for Summary Judgment, ECF No. 22, is **DENIED IN PART,** to the extent these Defendants sought to dismiss Plaintiff's deliberate indifference claims against Defendants Janowiecki and Jindal.

Further, it is **ORDERED** that the Wellpath Defendants' Motion to Dismiss and for Summary Judgment, ECF No. 22, is **GRANTED IN PART,** in all other respects.

For clarity, the remaining claims are as follows:

1. Plaintiff's retaliation claim against Defendant Schriber;
2. Plaintiff's deliberate indifference claim against Defendants Velarde, Talkington, Korte, and Smith for allegedly failing to treat his injuries upon his arrival at ARF;
3. Plaintiff's deliberate indifference claim against Defendants Janowiecki and Jindal for allegedly failing to treat his injuries upon his arrival at ARF and later, once he was confined there.
4. Plaintiff's claims against Defendant's Corizon Health, Inc. and the Pain Management Committee remain and are stayed pending resolution of bankruptcy.

All claims against Defendants Satoh, Treefry, Nguyen, Washington, Farris, and Martino have been dismissed.

**This is not a final order and does not close this case.**

Dated: August 28, 2025                                  s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge