UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA LEVI ALGER, SR.<br><br>Plaintiff,<br><br>v.<br><br>CORIZON, et. al.<br><br>Defendants. | Case No. 24-cv-11998<br><br>Honorable Robert J. White |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DISMISSING DEFENDANTS CORIZON AND THE PAIN MANAGEMENT COMMITTEE**

I.    Introduction

Joshua Levi Alger, Sr., proceeding *pro se*, commenced this action against multiple Defendants alleging that he was denied medical treatment while incarcerated in the Michigan Department of Corrections (MDOC). (*See generally* ECF No. 1). But only two Defendants are relevant here: Corizon Health, Inc.[1], a for-

---

[1] The Plaintiff identified the Defendant as "Corizon" in his complaint. ECF No. 1, PageID.3. However, for the purposes of this Opinion and Order the Defendant will be referred to as "Corizon Health, Inc."

profit prison health services provider currently undergoing bankruptcy, and the Pain Management Committee.[2]

The allegations of the complaint are not at issue today. Instead, the Plaintiff has failed to serve the two Defendants mentioned prior. (ECF No. 63.). Indeed, in May of 2025, Plaintiff was ordered to show cause as to why Defendants Corizon Health, Inc. and the Pain Management Committee should not be dismissed without prejudice for failure to provide full names and proper addresses for the proper Defendants. (*Id.* at PageID.1491–92). He was warned that "if he fail[ed] to file a response, it may result in a recommendation that Corizon and Pain Management Committee be dismissed without prejudice from the case." (*Id.* at 1492).

His response to that order from the Magistrate Judge was due on June 23, 2025, (*id.* at PageID.1492), however, that time passed without a response from the Plaintiff, (ECF No. 80 at PageID.1730).

Before the Court is Magistrate Judge Kimberly G. Altman's report and recommendation dated November 11, 2025. (ECF No. 80). The report recommended that the Court dismiss the Plaintiffs claims without prejudice against both Defendants Corizon Health, Inc. and the Pain Management Committee under Federal Rule of Civil Procedure 4(m) for failing to serve the Defendants. (*Id.* at

---

[2] Plaintiff does not provide information as to who or what the Pain Management Committee is. ECF No. 1, PageID.6.

PageID.1730). Plaintiff timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2)[3]. (ECF No. 84).

For the following reasons, the Court will (1) overrule the Plaintiff's objections, (2) adopt the Magistrate Judge's report and recommendation, and (3) dismiss the claims against Defendants Corizon Health, Inc. and the Pain Management Committee without prejudice.

II.      Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

III.     Analysis

Plaintiff's hand-written objections are nonspecific and difficult to decipher. (*See generally* ECF No. 84). However, the Court can identify two. For his first objection, Plaintiff seemingly seeks to "[a]ppeal the order adopting the R+R" in his case because he is unfamiliar with the legal process. (*Id.* at PageID.1739). Second, he argues that he did send his response to the Magistrate Judge's show-cause order,

---

[3] Despite being entitled "Notice of Intent to Appeal Report and Recommendation," it is clear from the Plaintiff's filing that he is objecting to the Magistrate Judge's report and recommendation. ECF No. 84.

but that either MDOC or the U.S. Post Office were the reason why the response was not received by the court. (*Id.* at PageID.1740).

Turn to Plaintiff's first objection. To start, for clarity, the Magistrate Judge's report has not been adopted yet, although it will be in this Opinion, so it is not appealable. However, it is possible, though unclear, that Plaintiff may be seeking leave of the Court to appeal to the Sixth Circuit Court of Appeals. (*See id.* at PageID.1740 ("So I ask this [C]ourt to consider these facts and either reconsider the current order or allow Me (sic) to appeal it in the 6th [C]ircuit…"). And because the Court must liberally construe the filings of *pro se* litigants like Plaintiff, the Court will address whether Plaintiff may appeal this order. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))

However, even if the Court adopted the Magistrate Judge's report it would not be a final order. "Under § 1291 of the Judicial Code, federal courts of appeals are empowered to review only 'final decisions of the district courts.'" *Microsoft Corp. v. Baker*, 582 U.S. 23, 27 (2017) (quoting 28 U.S.C. § 1291). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Bd. of Trs. of Plumbers , Pipe Fitters & Mech. Equip. Serv., Loc. Union No. 392 v. Humbert*, 884 F.3d 624, 625 (6th Cir. 2018) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). And dismissing the claims against both Corizon Health, Inc. and the Pain Management Committee, without prejudice, while

several other Defendant's remain in the case with claims against them, would not constitute a final order ripe for appeal.

Indeed, even if the Court were to construe the Plaintiff's objections as a motion to certify an order for interlocutory appeal under 28 U.S.C. § 1292(b), the Court would not grant this motion because the Plaintiff has not met his burden.

"The district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and ... [3] an immediate appeal may materially advance the termination of the litigation.'" *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 28 U.S.C. § 1292(b)) (emphasis omitted). And "[t]he moving party has the burden to show that each requirement of § 1292(b) is satisfied." *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d at 384). So, because Plaintiff's objections do not address any of these elements, an interlocutory appeal under 28 U.S.C. § 1292(b) is not possible. Thus, the Court cannot grant Plaintiff's request for an appeal to the Sixth Circuit and this objection is overruled.

Turn to his second objection. This objection, too, will be overruled. While not noted by the Plaintiff, this objection implicates the judicially created "prison mailbox rule." Because Plaintiff is currently confined, he cannot mail his materials to the court. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) ("[A] pro se prisoner has no

- 5 -

choice but to hand his [notice of appeal] over to prison authorities for forwarding to the court clerk."). While the Supreme Court in *Houston* notably only covered the rule in relation to filing a notice of appeal, it has since been extended by the Sixth Circuit to civil complaints, *see Richard v. Ray*, 290 F.3d. 810, 813 (6th Cir. 2002) (per curiam), and some courts have applied the rule to objections to a magistrate judge's report and recommendation, *see Brown v. Rivard,* No. 16-12362, 2018 WL 4907706, at *3 (E.D. Mich. Oct. 10, 2018), *aff'd sub nom. Brown v. McCullick*, No. 18-2226, 2019 WL 5436159 (6th Cir. Apr. 23, 2019). However, it is unclear if the rule applies to a response to a show-cause order. Indeed, there appears to be ongoing debates concerning in which situations the prison mailbox rule should apply. *See Cretacci v. Call*, 988 F.3d 860, 871 (6th Cir. 2021) (Readler, J., concurring) (arguing that extending the prison mailbox rule is a "dangerous practice" because it allows for "federal judges to be rewriting the Federal Rules on their own whims.").

And, to add another wrinkle, it appears that the Sixth Circuit has not spoken to how the rule applies, if at all, when an alleged filing never makes it to a court. *United States v. Woosley*, No. CR 5:19-37-DCR-CJS, 2022 WL 17817349, at *3 (E.D. Ky. Nov. 18, 2022), *report and recommendation adopted*, No. CR 5:19-037-DCR, 2022 WL 17443596 (E.D. Ky. Dec. 6, 2022) (quoting *Redmond v. United States*, No. 4:09-cr-16-HSM-SKL, 2016 WL 9330497, at *5 (E.D. Tenn. Mar. 7,

2016). Regardless, even if the rule applied, Plaintiff's objections would still be overruled.

Under the rule, when a prisoner has "done all that could reasonably be expected to get the [document] to its destination" within the required time, it should be considered 'filed' when handed to a prison official for mailing. *Houston*, 487 U.S. at 270 (citation omitted). However, it is still that prisoner's burden to show that they delivered the filing in compliance with the mailbox rule. *See Leavy v. Hutchison*, 952 F.3d 830, 832 (6th Cir. 2020); *see also Woosley*, 2022 WL 17817349, at *3. And while Plaintiff claims that he has a "receipt from the expedited mail procedure," he has not attached it as an exhibit. ECF No. 84, PageID.1740. Therefore, Plaintiff has not met his burden, so this objection will also be overruled.

Accordingly, IT IS ORDERED that Plaintiff's objections to the Magistrate Judge's report and recommendation (ECF No. 84) are overruled.

IT IS FURTHER ORDERED that the Magistrate Judge's report and recommendation (ECF No. 80) is accepted and adopted.

IT IS FURTHER ORDERED that the claims against Defendants Corizon Health, Inc. and the Pain Management Committee are dismissed without prejudice.

IT IS FURTHER ORDERED that Defendants Corizon Health, Inc. and the Pain Management Committee are dismissed from the case.

Dated: July 6, 2026                      s/ Robert J. White
                                              Robert J. White
                                              United States District Judge